UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.                                                       ) | CR424-001 |
| ) | |
| AUSTIN MICHAEL BURAK,              ) | |
| ) | |
| Defendant.                     ) | |

## ORDER

Defendant Austin Michael Burak seeks leave to file a Motion to Compel under seal. Doc. 50.[1] This Court's Local Criminal Rules require a party requesting sealing to support the request with specific information, including "supporting reasons with reference to applicable law." S.D. Ga. L. Crim. R. 49.1(b)(1)(B). Defendant's Motion is noncompliant. In support of his request to file his Motion to Compel

---

[1] The Local Criminal Rules instruct a party filing a motion to seal to "provide the Clerk of Court with the material sought to be filed under seal in an unredacted form." S.D. Ga. L. Crim. R. 49.1(b)(2). Defendant, instead, filed a draft version of the Motion to Compel on the public docket. *See* doc. 50-1. The Court *sua sponte* sealed the inadvertently filed material to conduct the *in camera* review contemplated by the Local Rule. Additionally, the inadvertently filed material contained comments that appear to be communications between co-counsel about Defendant's case. If any party seeks any further Court action related to the inadvertently filed material, that party must file a properly supported motion within 14 days from the date of this Order.

under seal, Defendant offers only that "this case is operating under a protective order and the motion [to compel] may contain information that should not be available to the general public." Doc. 50 at 1. A general citation to the governing protective order does not provide sufficient "supporting reasons" to satisfy the Rule. The Motion is, therefore, **DENIED**. Doc. 50.

Not only is Defendant's submission insufficient to comply with the Local Rule, but it is also insufficient to overcome the public's constitutional right of access in this criminal proceeding. "The press and the public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). A party can rebut the presumption of openness "if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 1030 (quoting *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984)). When sealing documents, the Court must "articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* (internal quotations and citation omitted).

Defendant's suggestion that the Motion to Compel "*may* contain information that should not be available to the general public," doc. 50 at 1 (emphasis added), does not provide the "overriding interest" necessary to justify sealing the Motion, even when considering the governing Protective Order.  The Court's review of the Motion to Compel reveals that it does not contain any information covered by the Protective Order, which restricts the dissemination of the minor victim's "psychiatric/psychological records."  Doc. 25 at 1.  The Motion to Compel certainly seeks such records, but the Motion itself does not identify the minor victims or reveal the content of any treatment records.  The Protective Order does not appear to require filing the Motion to Compel under seal, and Defendant has pointed to no other authority supporting sealing.

Therefore, for these two independent reasons, Defendant's Motion to Seal is **DENIED**.  Doc. 50.  The Clerk is **DIRECTED** to return Defendant's draft Motion to Compel.  S.D. Ga. L. Crim. R. 49.1(d).  Defendant may choose to file the Motion to Compel on the public docket or to renew his Motion to Seal the Motion to Compel if he believes he can

make an adequate showing. Alternatively, Defendant may elect to abandon the Motion to Compel.

**SO ORDERED**, this 3rd day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA