IN THE UNITED STATES FEDERAL CIRCUIT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case Number:** |
| | ) | **4:24CR1** |
| **Austin Burak,** | ) | |
| **Defendant.** | ) | |

## <u>MOTION TO CONTINUE PRETRIAL MOTIONS DEADLINES</u>

The Defendant, through his counsel, respectfully requests the Court grant a 60-day extension of the following deadlines[1]:

1) Pretrial motion deadlines and the corresponding deadlines as amended by Doc. 58, following the original request for an extension of time.

2) This will include the deadline for the Defense to file motions, in addition to all other deadlines that would correspond with such an extension.

The Government has no Objection.

The original scheduling order was entered by this Court on February 7, 2024 at Doc. 20. Due to outstanding discovery and reindictment (Doc. 27), a status report was filed on April 28, 2024, through which this Court granted extensions of time for discovery and all other pretrial requirements. Doc. 39.

A joint motion for extension of time was filed on April 27, 2024. Doc. 40. At that time there was a number of materials whose disclosure was still outstanding including, but not limited to: military documents, grand jury transcripts and other items such as possible

---

[1] The Defense consents to the exclusion of the time requested herein from the statutory Speedy Trial clock. 18 U.S.C. § 3161(h)(1)(D) because the continuance and any delay caused by the proposed extension serves the end of justice. Indeed, the extension is required because the Government's disclosures thus far are so deficient, in the defense's opinion, that defense preparation has essentially yet to commence. Mr. Burak does not, however, waive his separate right to a speedy trial under the United States Constitution.

recordings of interviews, information about witnesses, contact information for certain third party witnesses and other contact information for primary witnesses. The Court granted the motion and entered an Amended scheduling order on April 29, 2024. Doc. 43.

Having still not received adequate disclosures, the Defense initially filed a motion to compel on May 31, 2024. However, there were issues with the motion and an Amended Motion was filed on June 5, 2024. The Court Ordered the defense to comply with Local Rule 16.4(e) or withdraw its Motion Doc. 55. Although attempts to resolve discovery issues had been made prior to the filing of the Motion to Compel (including via phone calls, letters, and emails , after consideration, counsel determined that the parties should confer again, and withdrew its Motion. Doc.55. A discovery conference was therefore held between the Parties on June 10, 2024, and an accompanying list of items was sent via email to the Government. The defense discussed certain specific items it feels are of the utmost importance (such as forensic recordings and unredacted reports) for it to be able to function effectively on Mr. Burak's behalf. The undersigned expressed to counsel for the Government that it was having extreme difficulty performing any investigation of its own or crafting a narrative for their Motions practice due to the unusually extensive redaction in its production, which is also incomplete (not all Bates page numbers have been disclosed, nor has any index or any written certification of what is not being disclosed been filed. Local Criminal Rule 16.4(e) The defense also noted that the format of the disclosure received thus far is wholly untenable to work with and unnavigable. Counsel for the Government indicated they would need time to discuss these matters with supervisors and respond. The Government is still working on its response (but have been in contact via various items that will be forthcoming), which will likely dispose of some of the defense's list via disclosures and perhaps raise a need for

litigation with rejection of some of the list.   A motion to withdraw the motion to compel was filed by Defense counsel on June 17, 2024. Doc. 62. The motion was granted. Doc. 63.

The the Government not have an estimated time for producing its response and accompanying disclosures, and has not yet produced a draft of any further protective Order it may seek.  Of course, the defense will have to review items upon receipt and perform its work at that point, to include reviewing any disclosures made, researching and briefing any outstanding points of contention, and filing appropriate discovery Motions as needed.  It is possible that substantive Motions will not be able to be filed until discovery matters are resolved, but it is not possible to predict at this point; regardless, a continuance is needed and is in the interests of justice

Accordingly, for the reasons set forth herein, this Motion ought to be GRANTED and deadlines reset to allow an additional 60 days for pretrial motions, which is currently set for July 8, 2024.

/s/ *Skye Ellen Musson*
Skye Ellen Musson
State Bar No.: 513712
5501 Abercorn Street, Suite D-246
Savannah, Ga 314015
skye@mussonlawoffices.com
Phone: 912-506-4661


/s/ *Laura G Hastay*
Laura G. Hastay
State Bar No.: 637941
1348 Eisenhower Dr. #13362
Savannah, GA 31406
lghastay@gmail.com

**IN THE UNITED STATES FEDERAL CIRCUIT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| | **)** | |
| **v.** | **)** | **Case Number:** |
| | **)** | **4:24CR1** |
| **Austin Burak,** | **)** | |
| **Defendant.** | **)** | |

---

### CERTIFICATE OF SERVICE

This is to certify that Defense Counsel has submitted a copy of this MOTION TO EXTEND DEADLINES to the Assistant United States Attorney, via the Electronic Service system.

Respectfully submitted on 7/4/2024.

/s/ *Skye Ellen Musson*
Skye Ellen Musson
State Bar No.: 513712
5501 Abercorn Street, Suite D-246
Savannah, Ga 314015
skye@mussonlawoffices.com
Phone: 912-506-4661