# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR424-001 |
| | ) | |
| AUSTIN MICHAEL BURAK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Austin Michael Burak is charged with one count of Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b), one count of Abusive Sexual Contact of a Child in violation of 18 U.S.C. § 2244(a)(5), one count of Coercion and Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b), and one count of Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. § 2241(c). Doc. 26 (Superseding Indictment). He filed a Motion to Compel Discovery, doc. 72, and a Petition for a Writ of Mandamus, doc. 74. The Government responded to both Motions. Doc. 77.

In a prior Order, the Court denied Defendant's Motion to Compel a "new set of discovery," the full FBI casefile, "any and all recordings or

handwritten notes taken by the agents during any of the interviews that have been conducted by the FBI," and the victims' school records, medical records, and a "timeline of movement." Doc. 89. However, the Court reserved ruling on Defendant's Motion to Compel records from a prior military court martial proceeding, and reserved ruling on the Petition for a Writ of Mandamus seeking the same court martial records. Doc. 89 at 21-22. It directed further briefing related to the court martial records, *id.*, and held a hearing where both parties were heard on the issue, doc. 95. After careful consideration of the briefs and the parties' arguments, and for the reasons explained below, Defendant's Motion to Compel, doc. 72, and Petition for Writ of Mandamus, doc. 74, are **DENIED**. However, the Court does provide additional direction to the United States regarding its obligations under the Constitution and *Brady v. Maryland*, 373 U.S. 83 (1963) related to the records from the prior military proceeding.

### Petition for Writ of Mandamus

The Court's prior Order identified the multiple problems with Defendant's Petition for a Writ of Mandamus. Doc. 89 at 15-21. Despite Defendant's compliance with the Court's instruction to provide additional

2

information and argument related to his Petition, *see* doc. 91, and despite zealous advocacy during the hearing by Defendant's counsel, Defendant has still failed to meet his burden of demonstrating his entitlement to this extraordinary remedy. Although Defendant's original Petition for a Writ of Mandamus relied upon Federal Rule of Appellate Procedure 21 as the "framework" for the request, doc. 74 at 1, the Court previously found that Rule to be inapplicable, doc. 89 at 15-16. However, the Court also pointed out that there are two potential sources for its authority to grant mandamus, the Mandamus Act, 28 U.S.C. § 1361, or the All Writs Act, 28 U.S.C. § 1651. *Id*. at 16. Defendant's supplemental brief invokes both, *see* doc. 91 at 15, 24 (seeking relief under the "All Writs Act"); *id*. at 16-17 (citing 28 U.S.C. § 1361).

Defendant's reliance on the Mandamus Act, 28 U.S.C. § 1361, does not carry the day. As the Court acknowledged in its prior Order, facially, this statute does not apply to Defendant's request, since the Petition was filed in this criminal proceeding, and not as a separate "action in the nature of mandamus." Doc. 89 at 17 (quoting 28 U.S.C. § 1361). Recently, in the Southern District of Ohio, a criminal defendant sought mandamus to prevent the government from introducing certain

testimony. *United States v. Moore*, 2024 WL 4379748, at *13 (S.D. Ohio Oct. 3, 2024). The court found that the motion "fail[ed] along several dimensions," the first of which was the criminal nature of the case. *Id.* Similarly, here, "[t]he case before the Court is criminal in nature and therefore the Court is not presiding over an action 'in the nature of mandamus.'" *Id.* (quoting 28 U.S.C. § 1361). Defendant is not entitled to mandamus under the Mandamus Act in this criminal prosecution.

The only other potential avenue to mandamus identified by either the Court or the Defendant is the All Writs Act. It states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "[I]t is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004) (citing *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)); *see also Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) ("While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's

4

jurisdiction."). For the Court to act under the All Writs Act, "(1) the order must be necessary or appropriate to effectuate a previously issued order, (2) it must not be covered by another statute, (3) it must not be inconsistent with the intent of Congress, (4) the third party[1] must not be too far removed from the underlying case, and (5) the burden imposed on the third party must not be unreasonable." *United States v. Blake*, 868 F.3d 960, 970–71 (11th Cir. 2017).

Defendant has not met each of these requirements. As to the first, it is not apparent what "previously issued order" requires an order directing production of the sealed military court records. During the hearing the Defendant suggested that the requested writ of mandamus is necessary to effectuate the Court's Scheduling and Discovery Order, *see, e.g.*, doc. 70. The Court is not satisfied that a writ of mandamus is "necessary or appropriate to effectuate" its Scheduling and Discovery Order in this case. Additionally, relative to the second requirement,

---

[1] The Court is not convinced that the entity currently holding the records, which the United States' brief explains is the United States Army, *see* doc. 92 at 5, is a "third party" as contemplated by the All Writs Act. Because Defendant has not met his burden of demonstrating entitlement to the extraordinary writ, the Court need not reach this issue for purposes of disposing of the Petition for Writ of Mandamus, but does touch on the relationship between the United States Army and the United States, as the prosecutor in this case, below.

5

where there are alternative remedies available, "resort to the All Writs Act [is] . . . out of bounds[.]" *Clinton*, 526 U.S. at 537. The Court has identified an alternative route for the potential production of the records, should they fall within the Government's disclosure requirements, as discussed below. Because Defendant has not met his burden of demonstrating his entitlement to the extraordinary remedy of a writ of mandamus, under any of the potentially available sources, his Petition for Writ of Mandamus is **DENIED**. Doc. 74.

## Motion to Compel

The Court must, therefore, turn back to the remainder of Defendant's Motion to Compel, seeking production of the court martial records. Doc. 72; *see also* doc. 89 at 21. As the Court explained in its prior Order, doc. 89 at 4, "[t]here is no general constitutional right to discovery in a criminal case. . . ." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). In *United States v. Jordan*, 316 F.3d 1215 (11th Cir. 2003), the Eleventh Circuit set out the Government's pretrial disclosure requirements in a criminal case. The "starting point" is Rule 16(a) of the Federal Rules of Criminal Procedure, "which spells out the materials the prosecution must produce on the defendant's request." *Id*. at 1249. As

the Court explained, "Rule 16(a) only applies to materials within the 'possession, custody, or control of the government,'" which includes "materials in the hands of a governmental investigatory agency closely connected to the prosecutor." *Id.* The Government is under a "continuing duty to disclose any evidence that is subject to discovery or inspection." *Id.* (citing Fed. R. Crim. P. 16(c)).

As for the Government's obligation to disclose documents and tangible objects, Rule 16(a) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). To obtain an item in the first category, the defendant must demonstrate that the item is "material to the preparation of his defense," which requires "a specific request for the item together with an explanation of how it will be helpful to the defense." *Jordan*, 316 F.3d at 1250 (internal quotation marks and citation omitted). "Helpful"

7

in this respect means that the item is relevant to the preparation of the defense and not necessarily exculpatory, *id.* (citing *United States v. Marshall*, 132 F.3d 63, 67-68 (D.C. Cir. 1998)), but the defendant must show "some indication that the pretrial disclosure of the item would . . . enable the defendant to significantly alter the quantum of proof in his favor," *id.* at 1251 (citing *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975)).[2] "A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense." *Id.* at 1250. The defendant has the burden of showing that his requested discovery is material. *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978).

Defendant's Motion to Compel, as supplemented by the additional brief and the argument during the hearing, does not satisfy Rule 16(a)(1)(E). Defendant is unable to articulate what information is contained in these records, and therefore is unable to articulate why any specific document will be "helpful to the defense." *Jordan*, 316 F.3d at

---

[2] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

8

1250. Therefore, any request to compel production of the sealed military records pursuant to Rule 16 is **DENIED**. Doc. 72.

In addition to the disclosure requirements of Rule 16(a), the Government is also constitutionally obligated to comply with *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972). The Court in *Jordan* summarized the Government's *Brady* obligation as follows:

> *Brady* requires the prosecutor to turn over to the defense evidence that is favorable to the accused, even though it is not subject to discovery under Rule 16(a), since, eventually, such evidence may undermine the confidence in the outcome of the trial. [Cit.] The defendant's right to the disclosure of favorable evidence, however, does not create a broad, constitutionally required right of discovery. [Cit.] Indeed, a defendant's right to discover exculpatory evidence does not include the unsupervised right to search through the government's files, [cit.], nor does the right require the prosecution to deliver its entire file to the defense. [Cit.] Rather, *Brady* obligates the government to disclose only favorable evidence that is material. The touchstone of materiality is a reasonable probability of a different result. [Cit.] Accordingly, under Brady, the government need only disclose during pretrial discovery (or later, at the trial) evidence which, in the eyes of a neutral and objective observer, could alter the outcome of the proceedings.

316 F.3d at 1251-52 (internal citations, quotations, and alterations omitted). In *Giglio*, the Supreme Court recognized that "*Brady* requires the government to produce for the defense impeachment evidence against

9

government witnesses." *United States v. Bueno-Sierra*, 99 F.3d 375, 379 (11th Cir. 1996) (citing *Giglio*, 405 U.S. 150); *see also United States v. Bagley*, 473 U.S. 667, 676 (1985) ("Impeachment evidence . . . falls within the *Brady* rule").

Defendant's Motion to Compel also fails when viewed through the lens of *Brady* and its progeny. Defendant is unable to identify "favorable evidence that is material" that is contained within the military records. *Cf. Moon v. Head*, 285 F.3d 1301, 1308 (11th Cir. 2002) (identifying burden of proof to show a *Brady* violation). At this point, any argument that *Brady* material exists within the court martial records is speculative. The remainder of the Motion to Compel is, therefore, **DENIED**. Doc. 72. However, the Defendant's inability to specifically identify *Brady* material within a sealed court record in the custody of the United States Army does not absolve the United States of its obligations under the Due Process Clause.

Cases discussing the Government's *Brady* obligations make clear that where the Government makes "good faith assertions that all *Brady* materials have been produced," speculative requests from a defendant do not overcome the Government's determination. *United States v. Russell*,

2022 WL 17736195, at * 3 (S.D. Fla. Dec. 17, 2022) (citing *Jordan*, 316 F.3d at 125[2] n. 81; *United States v. Warner*, 2014 WL 1373634, at *4 (N.D. Ga. Apr. 8, 2014) *aff'd* 638 F. App'x 961 (11th Cir. 2016)). This analysis presupposes that the Government has met its initial obligation of reviewing the material to determine whether the information must be disclosed. *Jordan*, 316 F.3d at 1252 n. 81. Here, the Government has not discharged that initial burden. The United States, as the prosecutor, has little information about what information is contained within the sealed court martial records held by the United States Army, even though it has received, reviewed, and produced the unsealed portions. *See* doc. 92 at 4 (recounting the Government's attempts to obtain the sealed portions of the court marital records from the Army). To explain this, the Government asserts that, because the records are held by the United States Army, they are not possessed by the Government. *See id*. As the Eleventh Circuit said in *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992), it "has declined to draw a distinction between different agencies under the same government" when considering the prosecutor's *Brady* obligations. This Court follows suit.

Therefore, to allow the United States to comply with its constitutionally mandated review to ensure that all *Brady* material is provided to the Defendant, within 14 days of the date of this Order the United States Army is **DIRECTED** to provide to the United States Attorney for the Southern District of Georgia a copy of the sealed records from Defendant Austin M. Burak's court martial proceedings as identified in the Sealing Order dated June 13, 2022, doc. 77-1. Within 14 days of receipt by the prosecutor of the sealed records, the United States is **ORDERED** to review the records and to produce to the Defendant "all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady* . . . and its progeny." Doc. 70 at 3. If any additional protective orders are necessary to ensure the sealed records remain appropriately protected from disclosure, either party remains free to seek additional protections.

**SO ORDERED,** this 6th day of January, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA