UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR424-001 |
| | ) | |
| AUSTIN MICHAEL BURAK, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Defendant Austin Michael Burak is charged with one count of Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b), one count of Abusive Sexual Contact of a Child in violation of 18 U.S.C. § 2244(a)(5), one count of Coercion and Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b), and one count of Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. § 2241(c). Doc. 26 (Superseding Indictment). After the Government filed a Notice of Intent to Offer Proof of Other Crimes, Wrongs, and Similar Acts, doc. 80, Defendant filed a "Response" challenging the admissibility of the noticed evidence, doc. 83-1, and the Government replied, doc. 86. During a hearing on its Notice, the Government introduced four Exhibits, filed under seal, related to the

prior bad acts evidence it will seek to admit during trial. *See* doc. 95 at 1; *see also* docs. 95-1, 95-2, 95-3, 95-4. At the Court's instruction, Defendant filed a Motion *in limine* to exclude the evidence at trial. Doc. 96. The Government has responded in opposition. Doc. 102. The Motion is ripe for disposition.

In its Notice, the Government indicates its intent to offer evidence of Defendant's "other acts of sexual misconduct" against three victims identified by the Government as Victim #1, Victim #2, and Victim #3.[1] Doc. 80 at 1. The Notice, supplemented by the exhibits filed under seal during the hearing, reveal the Government's intent to introduce evidence of allegations of recurring sexual assaults of Victim #1, a female relative, by Defendant, when she was approximately 6 or 7 years old until she was around 14 years old. *See* doc. 80 at 3; *see also* docs. 95-1 (FBI agent's summary of telephonic interview of Victim #1), 95-2 (same). The Defendant would have been approximately 10 years old at the beginning of the alleged conduct and continued the alleged abuse until he was approximately 18 years old. Doc. 102 at 4 n. 2; *see also* doc. 95-1. According to the Notice, Victim #1 alleges that the Defendant "touched

---

[1] The identities of the three victims are known to the Defendant. Doc. 80 at 1 n. 1.

her breasts, vaginal area, buttocks, arms, legs – 'pretty much everywhere,' and performed oral sex on her against her will." Doc. 80 at 3; *see also* docs. 95-1, 95-2.  He would also kiss her.  *Id.*

The Government also intends to introduce evidence of allegations of sexual assault perpetrated by the Defendant against Victim #2, another female relative, when she was approximately 7 years old and again when she was approximately 8 or 9 years old.  Doc. 80 at 3; *see also* doc. 95-3 (FBI agent's summary of interview of Victim #2).  The Defendant would have been approximately 12 or 13 at the time of the two occurrences.  Doc. 102 at 5 n. 3; *see also* doc. 95-3. Victim #2's discussion of the first incident is vague.  Doc. 95-3.  During the second incident, Victim #2 alleges the Defendant kissed her, touched her chest over her clothing, and "rubbed both her inner thigh and front genital area" while in a tent during a game of hike-and-seek, and stopped when another person entered the tent.  Doc. 80 at 3; *see also* doc. 95-3 at 2.

The Government also intends to present evidence of allegations of a sexual assault perpetrated by the Defendant against Victim #3, a female who was 17 years old at the time of the incident.  Doc. 80 at 3-4; *see also* doc. 95-4 (FBI agent's summary of telephonic interview of Victim

3

#3). The Defendant would have been approximately 24 years old at the time. Doc. 102 at 5 n.4; *see also* doc. 95-4. Victim #3 alleges the Defendant entered a bedroom where she was sleeping, crawled into the bed, and began "brushing up and down on her leg and buttocks with his hands." Doc. 80 at 3; *see also* doc. 95-4.

The Government contends the evidence of these uncharged sexual offenses is admissible under Federal Rules of Evidence 413, 414, and 404(b). Specifically, the Notice informs Defendant that the Government will seek to introduce the evidence "to prove Defendant's propensity to commit the charged misconduct, as well as his prurient sexual interest in children, motive, intent, plan and lack of mistake or accident. Doc. 80 at 5; *see also* doc. 86 at 4. The Defendant moves *in limine* to exclude the evidence, arguing the Government's notice was untimely, doc. 96 at 5, and that any probative value is outweighed by prejudice when considered through the lens of Federal Rule of Evidence 403's balancing test, *id.* at 8-11. The Defendant also raises concerns about the Court's acceptance of the Government's proffer, as compared to pre-trial testimony, under the Sixth Amendment's Confrontation Clause. *Id.* at 11-12.

The Defendant's timeliness argument can be resolved with dispatch. Defendant correctly points out that the Government's Rule 404(b) Notice was due September 23, 2024. Doc. 96 at 5 (citing doc. 70 at 1). Defendant also correctly points out that the Notice was filed on September 24, 2024, *id.* (citing doc. 80), a point which the Government concedes, doc. 102 at 2 n. 1. Due to technical difficulties, the Notice was filed at 12:13 AM on September 24, 2024, 13 minutes too late. *Id.* However, although the Rule 404(b) Notice was technically untimely under the terms of the operative Scheduling Order, Defendant points to no authority to support the drastic remedy of excluding the Government's evidence as a result. *See* doc. 83-1 at 7, 13; doc. 96 at 5, 12; *see also* LR Crim. 12(e). Additionally, the Notice also encompasses the Government's intent to offer evidence under Rules 413 and 414, which only require disclosure to the Defendant "at least 15 days before trial." Fed. R. Evid. 413(b); 414(b). Therefore, Defendant's request that the Court "find that the Rule 404(b) notice was untimely" and his implicit request that the Court exclude the noticed evidence as a result is **DENIED.** Doc. 96, in part.

The Court now turns to the Defendant's more substantive challenges to the extrinsic evidence. "Uncharged crimes, wrongs, or acts may be admissible either as intrinsic or extrinsic evidence, provided evidence of the conduct meets certain criteria." *United States v. White*, 848 F. App'x 830, 839-40 (11th Cir. 2021). The Eleventh Circuit instructs district courts to apply a three-part test to determine the admissibility of this type of evidence. *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992). First, the evidence must be relevant, but the restraints on potential relevancy arguments differ depending on the evidentiary rule at issue. *Id.* Pursuant to Federal Rule of Evidence 404(b), such acts are "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but may be admissible to prove, for example, "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)-(2). Rules 413 and 414, however, expressly permit prior act evidence to prove propensity in cases involving "sexual assault," or "child molestation." *See* Fed. R. Evid. 413(a), 414(a); *see also* Fed. R. Evid. 413(d) (defining "sexual assault"); Fed. R. Evid. 414(d) (defining "child" and "child molestation"); *United States v. Brimm*,

608 F. App'x 795, 798 (11th Cir. 2015) ("Rules 413 and 414 permit the introduction of propensity evidence and thus contain exceptions to Rule 404(b)'s general ban on propensity evidence in 'sexual assault' and 'child molestation' cases." (citations omitted)).

Second, in addition to articulating a theory of relevancy that meets the criteria of one of these three Rules, as an additional part of the relevancy analysis the Government must also provide sufficient proof so that a jury could find that the defendant committed the extrinsic act.[2] *Miller*, 959 F.2d at 1538 (citing *Huddleston v. United States*, 485 U.S.

---

[2] Although the Court has not identified any binding authority, it is persuaded that the same sufficiency test routinely applied to admit evidence under Rule 404(b) also applies to admit evidence under Rules 413 and 414. *See United States v. Hruby*, 19 F.4th 963, 966-67 (6th Cir. 2021) ("Rule 414(a) evidence, like other similar-acts evidence, is relevant only if the jury can reasonable conclude that the act occurred and that the defendant was the actor." (quoting *Huddleston*, 485 U.S. at 689) (internal quotation marks and citations omitted)); *United States v. Norris*, 428 F.3d 907, 913-14 (9th Cir. 2005) ("The Supreme Court's decision in *Huddleston* . . . , which governs the admissibility of evidence under Rule 404(b), also controls the standard of proof required to admit evidence under Rules 413-415."); *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) ("We agree with David Karp, who drafted Rule 413, that similar acts must be established by sufficient evidence to support a finding by the jury that the defendant committed the similar act, citing *Huddleston* . . . ." (internal quotation marks omitted)); *United States v. Fitzgerald*, 80 F. App'x 857, 863 (4th Cir. 2003) (to admit evidence under Rule 413, "the court must determine whether a reasonable jury could conclude that the defendant committed a prior sexual assault offense."); *see also United States v. Guidry*, 456 F.3d 493, 503 n. 5 (5th Cir. 2006); *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 152-54 (3d Cir. 2002) (discussing the application of *Huddleston* to Rules 413-15, and concluding "albeit with some reluctance, . . . , that *Huddleston's* standard for the admission of evidence applies to Rule 415.").

7

681, 689 (1988)). As the Eleventh Circuit explained in *Miller*, "[t]he sufficiency prong is part of the relevance prong because the extrinsic act would not be relevant unless the extrinsic act occurred and the actor was the defendant." *Id.* at 1538 n. 4. In *Huddleston*, the Supreme Court explained that "[s]uch questions of relevance conditioned on a fact are dealt with under Federal Rule of Evidence 104(b)." 485 U.S. at 689. In evaluating the factual condition, "the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id.* at 690.

Finally, as the third part of the analysis, the Court must conduct the familiar balancing test required by Rule 403. *See, e.g.,* Fed. R. Evid. 403; *Miller*, 959 F.2d at 1538 ("Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403."); *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) ("All admissible evidence [under Rule 404], whether intrinsic or extrinsic,

must be weighed against Rule 403 prejudice." (citation omitted)); *Brimm*, 608 F. App'x at 798 ("[E]vidence admitted under Rule 413 and 414 is still subject to Rule 403's balancing test." (citations omitted)). Rule 403 provides an "extraordinary remedy" employed "only sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir.2006) (quotation marks and internal quotation marks omitted). Accordingly, the district court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." *Id.*

The Government articulates several bases for the relevancy of the evidence of Defendant's prior acts. *See* doc. 80 (identifying Rules 413, 414, and 404(b) as the basis for the admission of the prior acts); doc. 86 at 4 (same). In its response to Defendant's Motion *in limine*, it maintains its argument that evidence of Defendant's assaults of Victim #1 and Victim #2 is admissible under both Rule 413 and Rule 414, that evidence of Defendant's assault of Victim #3 is admissible under Rule 413, and that all evidence of Defendant's prior sexual assaults is admissible under Rule 404(b) to demonstrate his motive, intent, identity, plan and lack of mistake or accident. Doc. 102 at 7.

Rule 413, which the Government contends covers all of the evidence at issue, states that "in a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). The Rule defines "sexual assault" as "a crime under federal law or under state law . . . involving: (1) any conduct prohibited by 18 U.S.C. chapter 109A; (2) contact, without consent, between any part of the defendant's body . . . and another person's genitals or anus; (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;" or an attempt or conspiracy to engage in the identified conduct. Fed. R. Evid. 413(d).

The Defendant is charged with crimes that satisfy the Rule's definition of "sexual assault." *See* doc. 26 (superseding indictment charging violations of 18 U.S.C. §§ 2244(a)(5) and 2241(c)). The Government also argues that the conduct perpetrated against Victim #1, Victim #2, and Victim #3 qualifies as "sexual assault," and argues the Defendant "has not challenged the Rule 413 threshold requirements." Doc. 102 at 8. The Government is correct that the Defendant does not expressly challenge the applicability of the definition of "sexual assault"

in Rule 413 to the alleged uncharged conduct. *See* doc. 83-1; doc. 96. As the moving party, Defendant has the burden of proving that the evidence sought to be excluded is "clearly inadmissible." *United States v. Oury*, 568 F. Supp. 3d 1380, 1385 (S.D. Ga. 2021). Moreover, the Government has provided sufficient detail of the alleged conduct, along with citations to state law, to support its argument that the prior conduct constitutes "sexual assault" as defined by Rule 413(d). *See* doc. 102 at 8. Defendant did not file any reply to oppose this argument. *See generally* docket. Defendant has not articulated any clear reason why the evidence at issue does not qualify for analysis under Rule 413.

The Government also contends that Rule 414 covers the evidence of Defendant's alleged conduct towards Victim #1 and Victim #2. Rule 414 permits the Court, where a defendant is accused of child molestation, to "admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a). For purposes of the Rule, a "child" is a person below the age of 14. Fed. R. Evid. 414(d)(1). "Child molestation" is defined as "a crime under federal law or under state law . . . involving: (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child; (B) any conduct prohibited by 18 U.S.C. chapter 110; (C)

11

contact between any part of the defendant's body . . . and a child's genitals or anus; (D) contact between the defendant's genitals or anus and any part of a child's body," or an attempt or conspiracy to engage in the described conduct. Fed. R. Evid. 414(d)(2).

The Defendant is charged with crimes that satisfy the Rule's definition of "child molestation." *See* doc. 26. The Government argues the alleged conduct by the Defendant against Victim #1 and Victim #2 qualifies as "child molestation" under the Rule, identifying the conduct, with citations to state law, that meets the definition. Doc. 102 at 8-9. Again, the Government points out that Defendant does not explicitly challenge the applicability of Rule 414(d) to the conduct alleged against Victim #1 and Victim #2,[3] *id.* at 9, and the Defendant did not file a reply to the Government's argument, *see generally* docket. Similar to the application of Rule 413, the Defendant has not articulated any reason why the evidence of his conduct against Victim #1 and Victim #2 is not covered by Rule 414. Therefore, the Government has articulated a

---

[3] The Defendant does challenge the characterization of the conduct against Victim #3 as child molestation, doc. 96 at 11, but the Government does not intend to offer that evidence under Rule 414, doc. 102 at 9, n. 7. His argument that the conduct against Victim #3 does not qualify as "child molestation" under Rule 414 appears to concede that the alleged conduct against Victim #1 and Victim #2 does qualify.

permissible theory of relevancy for all of the noticed conduct, and given the applicability of Rule 413 to all of the evidence, and Rule 414 to the evidence related to Victim #1 and Victim #2, the Government is correct that it may offer the evidence to demonstrate the Defendant's propensity to commit such offenses.[4]  Doc. 102 at 9-10.

While the Defendant does not explicitly challenge the Government's argument for the applicability of Rules 413 and 414, he does make a passing argument that appears to relate to the second prong of the Court's analysis.  He suggests that his alleged conduct against Victim #1 and Victim #2 did not occur.  Doc. 96 at 9.  Defendant's Motion summarizes the allegations and, in doing so, identifies reasons why he contends the victims' allegations are not to be believed.  *Id.* at 6-7.  He points to a lack of corroboration of the various incidents and potential biases for all three of the victims.  *Id.*  Additionally, he refers to the uncharged nature of the allegations.  *Id.* at 10.  However, as the Supreme Court explained in *Huddleston*, in making threshold evidentiary

---

[4] The Government also argues that the evidence is admissible under Rule 404(b) to demonstrate Defendant's motive, intent, identity, plan, and lack of mistake or accident.  Doc. 102 at 7; *see also* doc. 80; doc. 86 at 11-16.  Because the Court finds the Government has articulated a proper purpose for the evidence under Rules 413 and 414, it need not reach the Government's Rule 404(b) argument.

13

determinations under Rule 104(b) the trial court does not weigh credibility. 485 U.S. at 690. It is simply enough for the Court to determine that the jury could reasonably find, by a preponderance of the evidence, "that the act occurred and that the defendant was the actor." *Id.* at 689-.

Given the applicable standard, the Government has proffered evidence from which a reasonable jury could find that the Defendant committed the acts which the Government characterizes as "uncharged sexual crimes" against Victim #1, Victim #2, and Victim #3. *See* doc. 80 at 3-4. Although he points out the issues with corroboration, potential biases, and the uncharged nature of the conduct, Defendant cites to no authority to support his claim that those issues should preclude the evidence from being admitted. Doc. 96 at 9. The FBI interviewed each of the three Victims, and the proffered summaries of those interviews, *see* doc. 95-1, 95-2, 95-3, and 95-4, are sufficient for the Court to make the finding required by Rule 104(b). *Cf. United States v. Goodhouse*, 81 F.4th 786, 790 (8th Cir. 2023) ("[E]ven in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict." (internal quotation marks, alteration, and citation omitted)); *Hruby*, 19

14

F.4th at 967 ("[T]he testimony of the witnesses need not be explicitly corroborated because such a requirement would run counter to the flexible nature of Rule 104(b) . . . ." (internal quotation marks and citations omitted), 968 ("Relevance—not corroboration—is the only criterion for admissibility." (citations omitted)).

That leaves the third prong of the analysis, and the one the Defendant focuses most of his argument on. *See* doc. 96 at 8-11. Although the Eleventh Circuit has not set out any specific factors that a district court must consider when conducting a Rule 403 balancing analysis, the Defendant urges the Court to consider factors articulated by other Circuits. Doc. 96 at 8-9. The Fourth Circuit instructs trial courts to consider "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007). Similarly, the Tenth Circuit has enumerated factors that a trial court should consider when conducting a Rule 403 balancing in the sexual assault context: "1) how clearly the prior act has been proved; 2) how

probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." *Enjady*, 134 F.3d at 1433 (10th Cir. 1998).

Defendant argues the application of the above-identified factors tip the balance in his favor, and that the evidence should be excluded under Rule 403. Doc. 96 at 9. In the case of Victim #1 and Victim #2, he contends that because he "was also a child" during the alleged conduct, the facts are not similar to the charged conduct. *Id.* at 10. He argues the alleged conduct "happened long before the incident at hand," and that the victims are female, as compared to the male victims in this case. *Id.* As to Victim #3, he argues that the victim was "a much older female," related to the Defendant by marriage, and that "the victimology is not similar." *Id.* However, the Government argues that the offenses are all similar, because they all involve "the Defendant sexually abusing or attempting to sexually abuse minors where he had opportunity and access." Doc. 102 at 14. His age at the time of the offenses does not render the evidence inadmissible. *See United States v. Carino*, 368 F. App'x 929, 929-930 (11th Cir. 2010) (affirming the trial court's admission of defendant's

sister's testimony that he sexually molested her when he was 16 and she was 11 under Rule 414 after conducting Rule 403 balancing test). The timing of the multiple instances of alleged abuse also does not weigh in favor of exclusion. The Government's timeline is compelling: "the evidence demonstrates that continuously from 2002 to 2010, the Defendant molested two different children (Victim #1 and Victim #2), and in 2017 molested three more (Victim #3, MV1, and MV2)." Doc. 102 at 16. The Government plans to elicit testimony from the prior victims, and their anticipated testimony is relevant to a contested material fact. *Id.* at 17. Therefore, even using these factors as a guide, the Defendant has not met his burden of demonstrating that the evidence is "clearly inadmissible." *Oury*, 568 F. Supp. 3d at 1385; *see also United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) ("[I]n a criminal trial relevant evidence is inherently prejudicial; it is only when *unfair* prejudice *substantially* outweighs probative value that the rule permits exclusion.").

The Defendant also challenges the Court's consideration of the victim's anticipated testimony, without requiring the victims to testify, under the Confrontation Clause of the Sixth Amendment. Doc. 96 at 11-

17

12. As the Court explained above, at this juncture it must only consider the evidence *in limine* to determine whether it is inadmissible. The Confrontation Clause will, therefore, provide Defendant with the right to confront any witness the Government calls during trial.

For these reasons, the Defendant's Motion *in limine* to exclude the Government's noticed prior acts evidence is **DENIED**. Doc. 96.

**SO ORDERED,** this 12th day of February, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA