UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR424-001 |
| | ) | |
| AUSTIN MICHAEL BURAK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Austin Michael Burak is charged with one count of Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b), one count of Abusive Sexual Contact of a Child in violation of 18 U.S.C. § 2244(a)(5), one count of Coercion and Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b), and one count of Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. § 2241(c). Doc. 26 (Superseding Indictment). The Government has identified Dr. Darrel Turner as an expert witness in the field of clinical and forensic psychology and provided notice of his anticipated testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). Doc. 37. Defendant has filed a Motion *in limine* to exclude his testimony. Doc. 122. The Government has

responded. Doc. 133. The Government has also filed a Motion seeking leave to supplement its expert witness notification for Dr. Turner. Doc. 120. Defendant has responded. Doc. 130. These matters have been referred to the undersigned and are ripe for disposition.

## Background

On April 8, 2024, the Government filed its Expert Witness Notification, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), identifying Dr. Darrel Turner as an expert witness in the field of clinical and forensic psychology, providing his qualifications, and stating his anticipated testimony. Doc. 37. The Government intends to elicit testimony from Dr. Turner about the frequency of delayed disclosure of sexual assault against minors, the reasons for delayed or non-disclosure, the behaviors of child sexual assault victims, and the rarity of false accusations of child sexual assault. Doc. 37 at 3-5. Dr. Turner may also provide rebuttal testimony about the consumption of alcohol and its relationship to the culpability of a child sexual assault perpetrator. *Id.* at 6. The Notice also provides the bases and reasons for Dr. Turner's opinions. *Id.*

On April 10, 2025, after the expiration of the deadline for Government Expert Disclosures, *see* doc. 70 at 1, the Government filed a Request to File a Supplemental Expert Witness Notification, doc. 120. It seeks leave to file a supplemental notice for Dr. Turner to include his anticipated testimony "related to gender crossover." *Id.* at 3. This testimony is now relevant, the Government explains, since the Court denied the Defendant's motion to exclude evidence of Defendant's prior sexual misconduct against female victims. *Id.* at 2-3.

Defendant moves *in limine* to exclude Dr. Turner's testimony, arguing the Government's Notice is deficient under Rule 16 and the anticipated testimony is inadmissible under Federal Rule of Evidence 702. Doc. 122. The Defendant also opposes the Government's request for leave to supplement its Notice, arguing the supplementation is untimely and would unfairly prejudice Defendant. Doc. 130.

## Analysis

First, the Court will first address Defendant's request for a *Daubert* hearing, then Defendant's Rule 16 challenges to the Government's Expert Notice under Rule 16, then Defendant's Rule 702 challenges to

Dr. Turner's anticipated testimony, and finally the Government's request to supplement its Notice.

Defendant asks the Court to exclude Dr. Turner's testimony from trial, or, alternatively, to hold a *Daubert* hearing. Doc. 122 at 11. As courts within the Eleventh Circuit have observed, "[i]t is well established that a hearing is not required every time a party invokes a *Daubert*-type objection." *United States v. Junkins*, 537 F. Supp. 2d. 1257, 1259 n. 1 (S.D. Ala. 2008) (citing *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 n.10 (11th Cir. 2007); *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1113 (11th Cir. 2005)). The parties' dispute over the admissibility of Dr. Turner's testimony does not present the type of "complicated case[ ] involving multiple expert witnesses," or "conflicting medical literature and expert testimony" that might make a *Daubert* hearing helpful or necessary. *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. Aug. 2001) (internal quotation marks and citations omitted). Therefore, Defendant's request for a hearing is **DENIED**. Doc. 122, in part.

Turning to the merits of the evidentiary motion, Defendant argues the Government's Notice does not comply with Rule 16(a)(1)(G) because

it "makes several assertions it wishes to [elicit] from Dr. Turner that are not accompanied by citations to scholarly publications," because Dr. Turner's experience and research relate to people already convicted of child sex crimes, and because none of Dr. Turner's scholarly publications relate to "peer-review tested, science-based references regarding delayed reporting, false accusations, error rates, or alcohol and mental health." Doc. 122 at 3. Defendant also calls the identification of cases in which Turner has previously testified as an expert "misleading," since those cases, and Turner's testimony in them, can be distinguished from the present case. *Id.* at 3-7.

Rule 16 requires the Government's Expert Witness Disclosure to include "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal," "the bases and reasons for them," "the witness's qualifications, including a list of all publications authored in the previous 10 years," and "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(a)(1)(G)(iii). The Government's Notice complies with these disclosure requirements. *See generally* doc. 37; *see also* doc. 133 at 6. Defendant's

critiques of the substance of those disclosures are more appropriately viewed through the lens of Federal Rule of Evidence 702, discussed below. Any request to exclude Dr. Turner's testimony at trial based on a purported deficiency under Rule 16(a)(1)(G) is, therefore, **DENIED**. Doc. 122, in part.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the United States Supreme Court interpreted Federal Rule of Evidence 702 which governs expert testimony. The Supreme Court "made abundantly clear" that Rule 702 "compels the district courts to perform the critical 'gatekeeping' function concerning the admissibility of expert scientific evidence." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citing *Daubert*, 509 U.S. at 589 n.7, 597) (emphasis omitted). The Supreme Court later held that "Daubert's general holding– setting forth the trial judge's general 'gatekeeping' obligation–applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co.*

*v. Carmichael*, 526 U.S. 137, 141 (1999) (citing Fed. R. Evid. 702). Having incorporated these decisions, Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Eleventh Circuit has established a three-pronged inquiry encompassing the requirements of *Daubert*, its progeny, and Rule 702. Under this inquiry, a court determining the admissibility of expert testimony must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the

application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F.3d at 1260 (citations omitted); *see also Prosper v. Martin*, 989 F.3d 1242, 1249 (11th Cir. 2021).  The proponent of the expert bears the burden of establishing qualification, reliability, and helpfulness by a preponderance of the evidence.  *Daubert*, 509 U.S. at 592, n.10.

For the first prong, "experts may be qualified in various ways. While scientific training or education may provide possible means to qualify, experience in a field may offer another path to expert status." *Frazier*, 387 F.3d at 1260-61; *see also* Fed. R. Evid. 702 (A witness may be qualified as an expert by "knowledge, skill, experience, training, or education.").  In determining qualification, courts generally look to a proposed expert's education and experience and ask whether the witness's intended testimony is sufficiently within his or her area of expertise.  *See Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001). However, "the unremarkable observation that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable any conceivable opinion the expert may express." *Frazier*, 387 F.3d at 1261 (emphasis in original).

Consequently, reliability, the second prong, "remains a discrete, independent, and important requirement for admissibility." *Frazier*, 387 F.3d at 1261. The Supreme Court in *Daubert* "set out a list of 'general observations' for determining whether expert testimony is sufficiently reliable to be admitted under Rule 702." *United States v. Brown*, 415 F.3d 1257, 1267 (11th Cir. 2005) (citation omitted). These factors or observations inquire into the expert's "theory or technique" and are: "(1) whether it can be (and has been) tested; (2) whether it has been subjected to peer review and publication; (3) what its known or potential rate of error is, and whether standards controlling its operation exist; and (4) whether it is generally accepted in the field." *Id.* (citation omitted). "Sometimes the specific *Daubert* factors will aid in determining reliability; sometimes other questions may be more useful. As a result, 'the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.'" *Frazier*, 387 F.3d at 1262 (quoting *Kumho Tire*, 526 U.S. at 152). "Indeed, the Committee Note to the 2000 Amendments of Rule 702 expressly says that, '[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to

9

the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Id.* at 1261 (emphasis in original).

Finally, expert opinion testimony must also assist the trier of fact. Fed. R. Evid. 702(a). "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262 (citation omitted). Proffered expert testimony generally will not help the trier of fact, and is inadmissible, "when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Cook*, 402 F.3d at 1111 (citation omitted). Stated differently, expert testimony that offers something "beyond the understanding and experience of the average citizen" helps the trier of fact and can be admitted. *Id.* (quoting *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985)).

Defendant first challenges Dr. Turner's qualifications. Doc. 122 at 9-10. This challenge relates to the argument identified above, in the Rule 16 context, that the testimony Turner provided in prior cases is too dissimilar from the anticipated testimony in this case. *Id.*; *see also id.* at 3-7. In those prior cases, Defendant explains, Dr. Turner was "qualified

10

as an expert regarding grooming (commonly in the online context), and regarding recidivism risks of offenders," but "has not – to the defense's knowledge – been qualified as an expert in delayed disclosure nor other aspects of purported victim behavior . . . ." *Id.* at 9.  The Defendant also takes issue with the majority of Turner's prior expert testimony occurring during the sentencing phase, and not the guilt phase. *Id.* Notably, although Defendant focuses on Dr. Turner's prior work as an expert witness in questioning his qualifications to testify in this case, Defendant does not identify any case where Dr. Turner was determined to be unqualified.  *See* doc. 122 at 4-7.

As the Government's response suggests, Dr. Turner has the "credentials and extensive experience" to qualify him to opine on the matters included in the Notice.  Doc. 133 at 12.  He is a licensed clinical psychologist, has a doctorate in clinical psychology, and approximately twelve years of experience conducting forensic and trial evaluations of adults and juveniles.  Doc. 133-1 at 2, 8.  He has "interviewed and evaluated hundreds of sex offenders" and has worked with, and evaluated, victims of child sexual abuse.  *Id.* at 2.  He has served as a consultant to the Federal Bureau of Investigation, the Naval Criminal

Investigation Service, the Department of Homeland Security, and other state and local law enforcement agencies on the behaviors of both offenders and victims of child sexual abuse. *Id.* He has published numerous scholarly articles and other materials on topics related to sex offenders. *Id.* at 10. As the Court is required to do, it has looked to Dr. Turner's "education and experience" and finds "[t]he subject matter of his testimony . . . sufficiently within his expertise." *Maiz*, 253 F.3d at 665. That he has also been qualified as an expert in cases involving "grooming," or "serial killers and psychopaths," doc. 122 at 10, and testified during sentencing proceedings, *id.* at 9, does not render him unqualified to testify on other, related subjects, at trial. As in *Maiz*, vigorous cross-examination is the appropriate opportunity for Defendant to lodge his attacks against Dr. Turner, including, for example, questioning him about his prior work as an expert witness.

Defendant also argues that Dr. Turner's testimony is inadmissible because he "will only be providing large scale ideas to the case," and has not personally met with or interviewed the Defendant or the minor victims. Doc. 122 at 10. The Government identifies cases from the Eleventh Circuit and other Circuits approving expert testimony in

12

similar situations. *See* doc. 133 at 9-11. For example, in *United States v. Doak*, the Eleventh Circuit affirmed the district court's decision in a child sexual abuse prosecution to admit the expert testimony of an FBI forensic interviewer who "explained the forensic-interview process and described how children pulled out of suspected sexual-abuse situations disclosed that information." 47 F.4th 1340, 1358-59 (11th Cir. 2022). As the Eleventh Circuit explained, the expert's "firsthand experience equipped her to identify trends in how children process abuse and disclose it." *Id.* at 1359. There is no indication that the expert witness at issue in *Doak* personally interviewed the minor victims in that case; instead, she was offered to "provide context to help the jurors understand why the [minor victims] responded differently" before hearing the victim's testimony about their abuse. *Id.* Dr. Turner is offered by the Government to occupy a similar role, here. *See* doc. 133 at 12. That he did not personally interview the Defendant or the minors involved does not render his testimony about the general characteristics of victims of child sexual assault inadmissible.

Finally, Defendant argues against the admissibility of Dr. Turner's anticipated testimony because his opinions on the rarity of false reporting

13

will improperly bolster the minor victim witnesses' testimony. Doc. 122 at 11. While the Defendant cites no authority to support his argument, *see id.*, the Government points to several persuasive cases to support Dr. Turner's testimony in this case, doc. 133 at 12-13. The Tenth Circuit confronted the issue head on in *United States v. Parson*, noting it was "clear that testimony regarding the characteristics of sexually abused children does not, invariably, amount to vouching for the credibility of an alleged victim." 84 F.4th 930, 938 (10th Cir. 2023). The Tenth Circuit is not alone; the Eleventh Circuit rejected a similar objection to the expert's testimony in *Doak*. *See* 47 F.4th at 1359. The defendants in *Doak* argued that the FBI forensic interviewer's expert testimony "prejudicially bolstered the [minor victim witnesses]'s credibility." *Id.* The Eleventh Circuit disagreed, finding that the expert instead provided a "helpful framework" to the jury in considering the minor witnesses' testimony. *Id.*

    The Government, as the proponent of Dr. Turner, has borne its burden of showing that the expert is qualified, and that his testimony will be helpful to the jury. Any criticisms of Turner's expertise and background can be explored during cross-examination. The motion *in limine* to exclude his testimony is **DENIED**. Doc. 122.

That leaves the Government's motion for leave to supplement its Rule 16 notice of Dr. Turner's anticipated testimony. Doc. 120. The supplemental notice adds the following anticipated opinion testimony:

> In addition, gender crossover with sexual offending is not uncommon and that many sexual offenders do engage in crossover patterns. Further, that mental illness can increase the likelihood of victim gender crossover as well as the use and/or abuse of alcohol, especially as it relates to opportunity crimes.

Do. 120-1 at 6. This testimony was first suggested in the Government's January 17, 2025, response to the Defendant's motion *in limine* seeking to exclude evidence of his prior sexual acts against female victims. Doc. 120 at 2; *see also* doc. 102 at 15-16, 16 n. 9. In challenging the evidence of allegations of prior sexual misconduct, Defendant argued the prior acts should be excluded because, in part, the victims of the prior, uncharged conduct are all female, while the minor victims in the indicted conduct are males. Doc. 96 at 10. The Government's response pointed to Dr. Turner's opinions that "gender crossover with sexual offending is not uncommon and that many sexual offenders do engage in crossover patterns," and that "mental illness can increase the likelihood of victim gender crossover as well as the use and/or abuse of alcohol, especially as it relates to opportunity crimes." Doc. 102 at 15-16. The Government

15

also noted its intent to petition the Court for leave to file an amended expert witness notification to include this anticipated testimony, should the Court find the prior acts admissible. *Id.* at 16 n. 9. The Court denied the Defendant's motion to exclude on February 12, 2025, doc. 108, and the Government filed the present motion for leave to supplement the expert disclosure on April 10, 2025, doc. 120, shortly after the District Judge entered the Criminal Trial Management Order, doc. 118.

The Defendant's arguments against allowing the proposed supplementation are that it is untimely and would unfairly prejudice him and his ability to prepare for trial. Doc. 130 at 2-3. However, in his opposition, Defendant concedes that this supplemental information was first presented by the Government in its response to his motion *in limine*. *Id.* at 1 (noting the Government "previously filed an amended disclosure at Doc. 102); *id.* at 2 ("The Government has already amended the disclosure once."); *id.* at 2-3 (asking that "the Government be required to abide by the prior disclosure found at Doc. 102."). Since the prior disclosure at doc. 102 contains the exact information the Government seeks to officially add to its expert disclosure in the present motion, *compare* doc. 102 at 15-16 *with* doc. 120-1 at 6, it is unclear whether the

Defendant actually opposes the requested relief.  Nevertheless, Rule 16 contemplates the Government's supplementation of an expert disclosure, *see* Fed. R. Crim. P. 16(a)(1)(G)(vi), and such supplementation is appropriate here, where the relevancy of the anticipated testimony ripened after the deadline for expert disclosures expired.  The motion is **GRANTED**.  Doc. 120.

## Conclusion

For these reasons, the Defendant's Motion *in limine* to exclude the Government's expert witness Dr. Darrel Turner is **DENIED**.  Doc. 122. The Government's Request to File a Supplemental Expert Witness Notification is **GRANTED**.  Doc. 120.

**SO ORDERED,** this 28th day of April, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA